UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kevin Lewis,<br><br>                Plaintiff,<br><br>              -against-<br><br>The City of New York; Paul Law, in his individual capacity; John Doe 1 through 6, in their individual capacities,<br><br>              Defendants | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>13 Civ. 1381 (CM) |

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

## JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

**JURY DEMAND**

5. The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

**PARTIES**

6. Plaintiff KEVIN LEWIS is a resident of New York City.

7. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9. At all relevant times herein, defendants PAUL LAW and JOHN DOE 1 THROUGH 6 (collectively, the "Individual Defendants") were employed by the NYPD and was acting in the capacity of agent, servant, and employee of the City.

10. At all relevant times herein, defendant Paul Law held the rank of police officer.

11. At all relevant times herein, the Individual Defendants were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

12. Plaintiff is unable to determine the actual name of John Does 1 through 6 and thus sues them under fictitious names.

13. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

14. The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

15. On the afternoon of February 7, 2012, plaintiff Kevin Lewis was shopping on the Upper East Side of Manhattan. When he was done with his shopping, he decided to take a taxi home.

16. Mr. Lewis was getting into the taxi when he was approached by a gentleman he recognized from his neighborhood. The gentleman told Mr. Lewis that he did not have any money and asked if he could share the taxi with him. Mr. Lewis agreed and the

gentleman got in.

17.     The taxi did not go more than a block before it was stopped by several NYPD officers in their cars.

18.     Mr. Lewis was asked to get of the taxi and to wait by one of the police cars. He was told that he was not being arrested.

19.     After several minutes, however, the police did arrest him, with one of the officers handcuffing him behind his back and placing him in one of the police cars. He was then brought by the police to the 19th Precinct.

20.     The arresting officer was defendant Paul Law.

21.     From the 19th Precinct, Mr. Lewis was eventually brought to Central Booking, where he was charged by way of felony complaint (the "Felony Complaint") with Criminal Possession of a Forged Instrument in the Second Degree (New York Penal Law ("PL") § 170.25, Identity Theft in the Second Degree PL § 190.79(3) and Attempted Grand Larceny in the Third Degree PL § 110/155.35(1).

22.     Mr. Lewis was charged along with a co-defendant, whose name appears from the Felony Complaint to be "Carrie," and who was the person who got into the taxi with him.

23.     The Felony Complaint was sworn out by defendant Law and alleges, in substance, that without permission or authority from its true owner, Carrie attempted to withdraw $5,200 from a Citibank account by presenting a false identification purporting to belong to the owner. Defendant Law further alleges in the Felony Complaint that he is

"informed by other officers of the [NYPD] that shortly after exiting the Citibank, defendant Carrie met up with defendant Lewis, who walked away together" and that "Lewis stated in substance: [']I'm the middleman. I stay outside when Carrie goes in, and then I leave with him. That's how I get paid.[']"

24. Mr. Lewis denies ever making such a statement to anyone.

25. The police were without probable cause to arrest Mr. Lewis, who had done nothing wrong.

26. After approximately two days in police custody, Mr. Lewis was finally arraigned on the charges contained in the Felony Complaint and released on his own recognizance.

27. On May 15, 2012, after two court appearances, the case against Mr. Lewis was dismissed on motion of the New York County District Attorney.

28. The case against Carrie was also dismissed.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants

29. All other paragraphs herein are incorporated by reference as though fully set forth.

30. By arresting, detaining and charging Plaintiff, the Individual Defendants engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free

from unreasonable searches and seizures.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

31.     All other paragraphs herein are incorporated by reference as though fully set forth.

32.     Municipal liability for the violations of Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

33.     At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

34.     At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

WHEREFORE, the plaintiff requests that this Court:

1.     Assume jurisdiction over this matter;

2.     Award compensatory and punitive damages to Plaintiff against the defendants, jointly and severally;

3.     Award Plaintiff reasonable costs, disbursements and attorney's fees; and

4.        Grant any other relief the court deems appropriate.

Dated:  New York, New York
         January 14, 2013

>                    Respectfully submitted,
>
>                    Darius Wadia, L.L.C.
>
>
>                    /s/
>                    _____
>                    By:  Darius Wadia (DW8679)
>                    Attorney for Plaintiff
>                    233 Broadway, Suite 2208
>                    New York, New York  10279
>                    (212) 233-1212/1216
>                    dwadia@wadialaw.com